IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01865-BNB

GENADY SLONIMSKY,

    Applicant,

v.

JAMES E. ABBOTT, Warden, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 0 6 2008

GREGORY C. LANGHAM
               CLERK

## ORDER OF DISMISSAL

Applicant, Genady Slonimsky, is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the Colorado Territorial Correctional Facility in Cañon City. Mr. Slonimsky initiated this action by filing *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the validity of his conviction in Jefferson County District Court case number 98CR2946. He has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

On September 11, 2008, Magistrate Judge Boyd N. Boland ordered Respondents to file within twenty days a pre-answer response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). On September 29, 2008, Respondents filed their pre-answer response asserting that the instant action is barred

by the one-year limitation period. Mr. Slonimsky has failed to file a reply to the pre-answer response, despite being given the opportunity to do so.

The Court must construe liberally the application and the reply filed by Mr. Slonimsky because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action as barred by the one-year limitation period.

Mr. Slonimsky was convicted by a jury in 2000 in Jefferson County District Court case number 98CR2946 on charges of first-degree burglary and an associated crime of violence, i.e., infliction of serious bodily injury during commission of the offense. His conviction arose out of an incident in which he broke into his ex-wife's apartment and caused serious bodily injury to her husband. He was sentenced to twelve years in the DOC, followed by five years of mandatory parole. Judgment was entered on June 21, 2000. Mr. Slonimsky appealed from his conviction to the Colorado Court of Appeals, which on November 1, 2001, affirmed. *See People v. Slonimsky*, No. 00CA1684 (Colo. Ct. App. Nov. 1, 2001) (not selected for publication). On May 20, 2002, the Colorado Supreme Court denied certiorari review. Mr. Slonimsky does not allege that he sought certiorari review in the United States Supreme Court.

On July 10, 2002, Mr. Slonimsky filed a motion for sentence reconsideration pursuant to Rule 35(b) of the Colorado Rules of Criminal Procedure, which the trial court denied on July 12, 2002. Mr. Slonimsky did not appeal.

On July 7, 2003, Mr. Slonimsky filed a postconviction motion pursuant to Colo. R. Crim. P. 35(a) and (c), which the trial court denied. Mr. Slonimsky appealed from the denial to the Colorado Court of Appeals, which on May 11, 2006, affirmed. *See People v. Slonimsky*, No. 05CA0188 (Colo. Ct. App. May 11, 2006) (not selected for publication). The Colorado Supreme Court denied certiorari review on August 28, 2006.

On March 7, 2007, he filed another postconviction motion, which was denied on March 20, 2007. He did not appeal from the denial. Finally, on June 25, 2008, Mr. Slonimsky filed a motion titled "Motion for Humanitarian Reconsideration of Sentence," which the trial court denied on July 7, 2008. The instant habeas corpus application was submitted to the Court on August 20, 2008.

As noted above, Respondents contend that this action is barred by the one-year limitation period in 28 U.S.C. § 2244(d). That statute provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly

3

> recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The Court first must determine when the one-year limitation period began to run. Although Mr. Slonimsky did not file a petition for writ of certiorari in the United States Supreme Court on direct appeal, he had ninety days after the Colorado Supreme Court denied certiorari review on May 20, 2002, to do so. *See* Sup. Ct. R. 13. Therefore, figuring from May 21, 2002, the day after the Colorado Supreme Court denied his certiorari petition, his conviction became final on August 18, 2002, when the time for seeking review in the United States Supreme Court expired. *See Rhine v. Boone*, 182 F.3d 1153, 1155 (10th Cir. 1999).

Mr. Slonimsky does not allege that unconstitutional state action prevented him from filing the instant action sooner, that he is asserting any constitutional rights newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review, or that he could not have discovered the factual predicate for his claims at the time his direct appeal became final on August 18, 2002. Therefore, it

4

appears that the one-year limitation period began to run on August 19, 2002, the day after his conviction became final.

In the absence of any reason to toll the limitations period, Mr. Slonimsky should have initiated this action by August 19, 2003. The instant action was commenced on August 12, 2008, well beyond the one-year limitation period. Although Mr. Slonimsky did not submit his application to this Court until August 20, 2008, he signed and mailed the application on August 12, 2008. Therefore, pursuant to the prisoner mailbox rule, *Houston v. Lack*, 487 U.S. 266, 270 (1988), the Court must deem this action commenced on August 12, 2008, not on August 20, 2008, when it was received for filing, or on August 29, 2008, when it actually was filed with the Court.

Respondents concede that the one-year limitation period was tolled while the postconviction motions Mr. Slonimsky filed were pending in state court, and the Court agrees. The period from July 10, 2002, to July 12, 2002, when the Colo. R. Crim. P. 35(b) motion was pending in state court, plus the period from July 13, 2002, to August 27, 2002, the forty-five days during which Mr. Slonimsky could have sought an appeal under state law, *see Gibson v. Klinger*, 232 F.3d 799, 804 (10th Cir. 2000), *see also* Colo. R. App. P. 4(b), does not count against the one-year limitation period.

Likewise, the period from July 7, 2003, when Mr. Slonimsky filed the Colo. R. Crim. P. 35(a) and (c) postconviction motion, until August 28, 2006, during which the trial court denied the motion, the Colorado Court of Appeals affirmed, and certiorari review was denied, does not count against the one-year limitation period. The period of time from March 7, 2007, to March 20, 2007, when the additional postconviction motion

he filed was pending in state court, plus the period from March 21, 2007, to May 5, 2007, the forty-five days during which Mr. Slonimsky could have sought an appeal under state law, *see Gibson*, 232 F.3d at 804, *see also* Colo. R. App. P. 4(b), also does count against the one-year limitation period. Finally, the Court will not count from June 25, 2008, to July 7, 2008, against the one-year limitation period because during that time period the motion titled "Motion for Humanitarian Reconsideration of Sentence" was pending in state court, nor will the Court count against the one-year limitation period from July 8, 2008, to August 22, 2008, the forty-five days during which Mr. Slonimsky could have sought an appeal under state law, *see Gibson*, 232 F.3d at 804, *see also* Colo. R. App. P. 4(b).

However, the 314 days after the time to appeal from the denial of his Colo. R. Crim. P. 35(b) motion expired on August 27, 2002, and before July 7, 2003, when Mr. Slonimsky filed the Colorado R. Crim. P. 35(a) and (c) postconviction motion, count against the one-year limitation period. In addition, the gap of 191 days from August 28, 2006, when the Colorado Supreme Court denied certiorari review of his Colo. R. Crim. P. 35(a) and (c) postconviction motion, until March 7, 2007, when Mr. Slonimsky filed the additional postconviction motion, count against the one-year limitation period. The 417 days after the time to appeal from the denial of his additional postconviction motion expired on May 5, 2007, and before June 25, 2008, when he filed the motion titled "Motion for Humanitarian Reconsideration of Sentence," also count against the one-year limitation period. As a result, the Court finds that a total of 922 days count against

the one-year limitation period, and the instant action is time-barred in the absence of some other reasons to toll the one-year limitation period.

The one-year limitation period in 28 U.S.C. § 2244(d) is not jurisdictional and may be tolled for equitable reasons in appropriate extraordinary situations when circumstances beyond a prisoner's control make it impossible to file the habeas corpus application on time. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). In addition, equitable tolling may be appropriate if the inmate is actually innocent or if the inmate actively pursues judicial remedies but files a defective pleading within the statutory period. *See Gibson*, 232 F.3d at 808. However, simple excusable neglect is not sufficient to support equitable tolling. *See id.* Furthermore, equitable tolling is appropriate only if the inmate pursues his or her claims diligently. *See Miller*, 141 F.3d at 978. Finally, Mr. Slonimsky bears the burden of demonstrating that equitable tolling is appropriate in this action. *See id.*

Mr. Slonimsky fails to allege any facts that might justify equitable tolling of the one-year limitation period. Therefore, the Court finds that Mr. Slonimsky fails to demonstrate that equitable tolling is appropriate, and the instant action will be dismissed as barred by the one-year limitation period. Accordingly, it is

ORDERED that the habeas corpus application is denied and the action is

dismissed because it is barred by the one-year limitation period in 28 U.S.C. § 2244(d).

DATED at Denver, Colorado, this 5 day of Nov., 2008.

BY THE COURT:

/s/ Zita L. Weinshienk

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-01865-BNB

Genady Slonimsky
Reg No. 106124
Colorado Territorial Correctional Facility
P.O. Box 1010
Cañon City, CO 81215-1010

Laurie A. Booras
First Assistant Attorney General
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 11/6/08

GREGORY C. LANGHAM, CLERK

By: _____
    Deputy Clerk